No. 88-278

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

IN RE THE  MARRIAGE OF
KAREN GAUSTAD NELSON,

        Petitioner and Respondent,

   and

HOWARD HARRY NELSON,

        Respondent and Appellant.

_____

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Douglas D. Harris, Lineberger & Harris, Bozeman,
      Montana

   For Respondent:

      Arnold Huppert; Huppert & Swindlehurst, Livingston,
      Montana

_____

Submitted on Briefs:  Nov. 3, 1988

Decided:  December 22, 1988

Filed:

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal comes from a judgment of the District Court of the Fifth Judicial District, Madison County, Montana. Respondent moved the District Court to enforce a maintenance provision in the settlement agreement incorporated into the parties' dissolution decree. The District Court concluded the parties intended the monthly payments to be a division of marital property, not maintenance, and ordered the appellant to draft a promissory note payable to the respondent. This appeal arises from that order. We affirm in part, reverse in part, and remand.

In 1984, respondent Karen Nelson (Karen) filed a petition for dissolution of her marriage to Howard Nelson (Howard). On May 22, 1984, the District Court ordered the dissolution of the marriage and approved and incorporated into the decree the parties' separation agreement. Contained in the agreement is a maintenance clause which provides in part as follows:

### Maintenance

The husband shall pay to wife the sum of Twelve Thousand Dollars ($12,000.00) per year in equal annual payments for a period of ten (10) years with the first payment being due and payable to wife two (2) years from the date that the court approves this property settlement agreement.

. . .

Husband's obligation to continue to pay maintenance to wife as herein described shall be terminated upon wife's remarriage or husband's physical or mental disability which renders him

incapable of generating income through new business ventures.

. . .

It is the intent of this provision that the total amount of maintenance that wife is to receive under this provision shall not exceed One Hundred Twenty Thousand Dollars ($120,000.00) regardless of the manner of payment. (Emphasis added.)

The record shows that Karen did not have the benefit of her own counsel's advice prior to the execution of the property settlement agreement. The initial payment under this clause was not made, and in December, 1986, Karen sought to enforce the terms of the agreement by moving the District Court for a show cause order. Howard responded to the motion by alleging that his obligations were terminated under the terms of the agreement because of his numerous physical and mental disabilities.

A trial of the issues was held before the court, without a jury, on February 2, 1988. The witnesses who testified at trial were John Atkins, the attorney who drafted the agreement; Bruce Gerlach, the vice president of the bank which handled Howard's business loans; Joseph Rau, Howard's personal friend; Debbie Nelson, the parties' daughter; Howard; and Karen.

After hearing the witnesses, considering the exhibits and arguments of counsel, the District Court declined to cite Howard with contempt but concluded that the escape clause was vague, ambiguous, meaningless, and unenforceable. The court further found that enforcement of the clause in Howard's favor would be unconscionable, because to do so would be "contrary to the clear intent of the parties as to a substantially equitable division of their marital property."

The court declared the maintenance provision to be null and void. Judgment was entered in favor of Karen for $24,000 for the two payments which by this time had been missed. The court also required Howard to execute and deliver to Karen a promissory note in the sum of $96,000. The judgment required the note "to be secured by a mortgage on all of Respondent's real property, or such substitute security as will make the note reasonably secure."

We conclude it was error for the District Court to completely remove the maintenance provision, recalculate the parties' property distribution, class the payments as a part of the property distribution, and require Howard to execute a promissory note secured by a mortgage lien. Such a modification of the property settlement and maintenance provision could not be made without the parties' consent. Taylor v. Taylor (1975), 167 Mont. 164, 537 P.2d 483. The entire agreement certainly raises questions as to whether it partakes more of the nature of a maintenance agreement than a property settlement agreement, and the provisions are clearly contradictory. As a result, the factual conclusions on the part of the District Court are certainly supported by the record. However, the District Court was without authority to modify the property disposition in the settlement agreement.

We have reviewed the transcript which demonstrates that counsel for both Howard and Karen agreed that the District Court should make an order clarifying the maintenance provisions of the contract so that it would not be necessary to burden the court with questions every year. Counsel for Howard stated that "[w]e are agreeing on the record that this proceeding may be used to read that agreement and interpret that agreement however the Court may choose to interpret it on whatever theory the Court chooses to interpret it . . . " We conclude that the consent of counsel for both parties to

4

the modification of the maintenance agreement meets the requirements of § 40-4-208(2)(b), MCA, which provides in pertinent part:

> Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:
>
> (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or
>
> (ii) upon written consent of the parties.

We agree with the conclusions of the District Court that the so-called escape clause was vague, ambiguous and largely meaningless. We conclude that such an escape clause is unnecessary under the facts of this case because the above cited § 40-4-208(2)(b), MCA, provides that if Howard shows changed circumstances so substantial and continuing as to make the terms of the maintenance agreement unconscionable, he may secure from the District Court an order changing such agreement. That statutory provision gives adequate protection for the theory urged by Howard.

We conclude that the District Court, by reason of the consent of the parties, was given the power to make a modification in the terms of the maintenance agreement. We conclude that the District Court should enter its judgment providing that the previously quoted maintenance agreement should now be changed to read as follows:

### Maintenance

The husband shall pay to wife the sum of Twelve Thousand Dollars ($12,000.00) per year in equal annual payments for a period of ten (10) years with the first payment being due and

5

payable to wife two (2) years from the date that the court approves this property settlement agreement. However, if husband should sell his interest in a certain tract of real property located in Gallatin County, State of Montana, and more particularly described as follows:

> That portion of Tract 38B of Certificate of Survey 897A presently used as a automobile repair facility, automobile show room and adjacent parking lots as appears on the plat on file in the office of the Clerk and Recorder, County of Gallatin, State of Montana.

within two (2) years of the date hereof, then husband shall pay to wife, in lieu of the above, as maintenance:

(a) the sum of Twelve Thousand Dollars ($12,000.00) per year for ten (10) years beginning one year from the date of this agreement, if the above-described real property is sold within one year of the date of this agreement; or

(b) the sum of Twenty-Four Thousand Dollars ($24,000.00) within two years of the date of this agreement if the above-described real property is sold within two years of the date of this agreement and the sum of Twelve Thousand Dollars ($12,000.00) per year for eight years thereafter.

Husband's obligation to continue to pay maintenance to wife as herein described shall be terminated upon wife's remarriage or otherwise modified as determined by the District Court having jurisdiction upon the application of either party for modification under the provisions of § 40-4-208(2)(b), MCA. All payments for wife's maintenance shall be mailed directly to wife at her current mailing address, unless husband is

6

> otherwise notified in writing, to-wit:
> P.O. Box 1201, Livingston, Montana 59047.
>
> It is the intent of this provision that the total amount of maintenance that wife is to receive under this provision shall not exceed One Hundred Twenty Thousand Dollars ($120,000.00) regardless of the manner of payment.

Because the District Court concluded that the provision should be classed as a property settlement in its modification, we are not certain whether or not the court concluded that Howard had submitted sufficient proof under the provisions of the statute to demonstrate a showing of changed circumstances so substantial and continuing as to make the payment unconscionable. It will be necessary that the District Court make that determination. If it finds that Howard has failed to submit sufficient evidence on that point, the District Court should enter its judgment for the payment of $24,000 at the present time.

As a part of this remand, we further conclude that under the circumstances of this case it is not appropriate to use a real estate mortgage and therefore direct the District Court that neither a note or mortgage shall be used. We do, however, agree that it would be appropriate for the District Court to order that the obligation to pay the maintenance shall become a lien upon the property of Howard, in the same manner as a judgment lien, should the District Court conclude that it remains to be an appropriate protection required for the benefit of Karen.

Reversed and remanded to the District Court for appropriate action consistent with this Opinion.

_John Conway Harrison_
Justice

7

We concur:

_____
Chief Justice

_____

_____

_____
Justices